UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00340-GNS

DEMARIO V. MATTHEWS                                                                                   PLAINTIFF

v.

TRANSPORT DIVISION, INC.;
PRODUCT DISTRIBUTION COMPANY;
GENERAL ELECTRIC COMPANY;
TEAMSTERS LOCAL UNION NO. 89                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions for Judgment on the Pleadings (DN 15, 22, 29), Defendant's Renewed Motion for Judgment on the Pleadings and to Strike Plaintiff's Third Amended Complaint (DN 27), and Defendant's Renewed Motion for Judgment on the Pleadings (DN 28). The motions are ripe for adjudication. For the reasons outlined below, Defendants' Motions for Judgment on the Pleadings are **GRANTED**, and the remaining motions are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Supplemental More Definite Statement (DN 24) is construed as a Motion for Leave to Amend and is **GRANTED**. Because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, this case is **REMANDED** to Jefferson Circuit Court.

### I.   STATEMENT OF FACTS AND CLAIMS

Plaintiff DeMario V. Matthews ("Matthews") filed this action *pro se* in Jefferson Circuit Court, Kentucky, asserting claims against various Defendants including Defendants General Electric Company ("GE"), Product Distribution Company ("PDC"), Transport Drivers, Inc. ("TDI"), and Defendant General Drivers, Warehousemen and Helpers Local Union No. 89

("Union").[1] As alleged in the Complaint, Matthews began his employment with TDI or PDC in 2014, and he was either dismissed or laid off on or about December 28, 2015. (Compl. 3, DN 1-2). During his employment Matthews was allegedly a member of the Union. (Compl. 1).

Following his separation from employment, Matthews filed this lawsuit in which he asserted claims, *inter alia*, under sections 7, 8, 8(a)(1)-(4) of Wagner Act or National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169. (Compl. 3-4). He also alleged harassment and retaliation by TDI/PDC and GE, and that the Union failed to represent him in good faith. (Compl. 4). Subsequently, Defendants removed the action to this Court. (Notice of Removal, DN 1).

After the Court directed Matthews to file a more definite statement,[2] he largely reiterated his claims of NLRA violations, conspiracy, harassment, and failures by the Union to represent him properly. (Order, DN 19; Pl.'s More Definite Statement 2-3, DN 23). He also asserted that PDC violated Federal Motor Carrier Safety Administrative regulations. (Pl.'s More Definite Statement 1). Without requesting leave of the Court, Matthews subsequently filed a supplemental more definite statement (which he characterized as a Third Amended Complaint) in which he asserted new claims of race, age, and gender discrimination in violation of the Kentucky Civil Rights Act ("KCRA"), Chapter 344. (Pl.'s Supplemental Resp. More Definite Statement 2, DN 24 [hereinafter 3d Am. Compl.]).

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The

---

[1] In the Complaint, Matthews erroneously refers to TDI as "Transport Division, Inc." and the Union as "Teamsters Local Union No. 89."
[2] The Court previously dismissed Matthews' claims against the U.S. Depeartment of Transportation and the U.S. Department of Labor. (Mem. Op. & Order 4, DN 21).

Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion." *Paulin v. Kroger Ltd. P'ship I*, No. 3:14CV-669-DJH, 2015 WL 1298583, at *3 (W.D. Ky. Mar. 23, 2015) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). Thus, to survive a Rule 12(c) motion, a complaint must establish "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, it demands more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted) (citation omitted). The facts alleged in the complaint must "raise a right to relief above the speculative level" in order to survive a Rule 12(c) motion. *Twombly*, 550 U.S. at 555.

"When ruling on a motion for judgment on the pleadings, the Court may examine the complaint and its exhibits, items appearing in the record of the case, and documents incorporated by reference into the complaint and central to the claims." *Paulin*, 2015 WL 1298583, at *3 (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). "The Court must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor." *Id.* (citing *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). A court need not, however, "accept as true the nonmoving party's legal conclusions or unwarranted factual allegations." *Id.* "The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law." *Id.*

### III. DISCUSSION

#### A. Defendants' Motions for Judgment on the Pleadings

The Court will first address Defendants Motions for Judgment on the Pleadings. For efficiency, the Court will address the motions collectively because many of the same arguments have been asserted by multiple Defendants.

##### 1. *NLRA*

Defendants asserts that Matthew's NLRA claims should be dismissed because: (i) the National Labor Relations Board ("NLRB") has exclusive jurisdiction over the unfair labor practices claims; (ii) he has failed to state a hybrid claim under Section 301; and (iii) Matthews has failed to exhaust his administrative remedies as to his Section 301 claim. (Def.'s Mot. J. Pleadings 4-5, DN 15 [hereinafter TDI's Mot.]; Defs.' Mem. Supp. Mot. J. Pleadings 5-7, DN 22-1 [hereinafter GE/PDC's Mot.]; Defs.' Mem. Supp. Renewed Mot. J. Pleadings 6-9, DN 27-1 [hereinafter GE/PDC's Renewed Mot.]; Def.'s Mem. Supp. Renewed Mot. J. Pleadings 4-8, DN 28-1 [hereinafter TDI's Renewed Mot.]; Def.'s Mem. Supp. Mot. J. Pleadings 4-5, DN 29-1 [hereinafter Union's Mot.]). Each basis will be addressed separately.

###### a. **NLRB Jurisdiction**

Matthews has asserted claims under both Sections 7 and 8 of the NLRA (29 U.S.C. §§ 157-158). (Compl. 4). In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), the Supreme Court stated that "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *Id.* at 245; *see also Lexington Cartage v. Int'l Bhd. of Teamsters*, 713 F.2d 194, 195 (6th Cir. 1983) (stating that the NLRB "has been designated by Congress as the exclusive forum of original

jurisdiction for adjudicating questions of . . . unfair labor practices . . . and . . . United States District Courts have no such jurisdiction." (citing 29 U.S.C. §§ 158, 160(a)).

In this case, Matthews has expressly asserted claims under Sections 7 and 8 of the NLRA. Accordingly, this Court lacks jurisdiction over those claims.

### b. Failure to State Hybrid Claim under Section 301

Defendants also argue that Matthews has failed to properly assert a claim under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for which Matthews has alleged that the Union failed to represent him in good faith, including arbitrating his grievance. (TDI's Mot. 5-6; TDI's Renewed Mot. 5-6; Union's Mot. 5-6; Compl. 4). "In a hybrid suit under § 301 of the [LMRA] . . . to recover against the Company or the Union, [a plaintiff] must show that the Company breached the Agreement and that the Union breached its duty of fair representation." *Flatford v. Int'l Union United Auto., Aerospace, & Agric. Implement Workers of Am.*, 652 F. App'x 409, 413 (6th Cir. 2016) (internal quotation marks omitted) (quoting *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559-60 (6th Cir. 1990)). "Unless the plaintiff demonstrates both violations, he cannot succeed against either party." *Dobrski v. Ford Motor Co.*, 698 F. Supp. 2d 966, 990 (N.D. Ohio 2010) (citing *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003)). As a sister court has explained:

> Generally, courts use the "well-pleaded complaint" rule to evaluate whether a complaint presents a federal question on its face. *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989) (en banc). In determining whether a plaintiff's claims are preempted by the LMRA, however, the court "is not bound by the 'well-pleaded complaint' rule, but rather looks to the essence of the plaintiff's claim."

*Robinson v. V&S Detroit Galvanzing, LLC*, 195 F. Supp. 3d 916, 921 (E.D. Mich. 2016) (quoting *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994)).

To prevail on his claim that the Union breached its duty of fair representation, Matthews must show that "the union's actions or omissions during the grievance process were arbitrary, discriminatory, or in bad faith." *Garrison*, 334 F.3d at 538 (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). In *Garrison*, the Sixth Circuit clarified that "[e]ach of these wrongs is mutually independent, meaning, that 'the three named factors are three separate and distinct possible routes by which a union may be found to have breached its duty.'" *Id.* (quoting *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 583 (6th Cir. 1994)). If the plaintiff fails to "introduce factual allegations that the union breached its duty of fair representation, dismissal based on Rule 12(b)(6) is proper." *Winters v. Ford Motor Co.*, No. 06-CV-10263-DT, 2006 WL 3694611, at *5 (E.D. Mich. Dec. 12, 2006). While the Supreme Court has held that unions cannot "arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion," employees do not have an absolute right to have their grievance arbitrated. *Vaca*, 386 U.S. at 191.

In the Complaint, Matthews has alleged that "[t]he Union has failed to represent DeMario in [g]ood [f]aith including [a]rbitrating his grievances in violation of the CBA, NLRA and [c]omplicit behavior with GE." (Compl. 4). Matthews repeated the same allegations in the More Definite Statement. (Pl.'s More Definite Statement 2-3). A naked allegation of failing to represent Matthews in arbitration, however, is insufficient to prove his claim against the Union. Matthews' allegations are devoid of facts to substantiate any claim that the Union's actions or omissions were "arbitrary, discriminatory, or in bad faith." *Garrison*, 334 F.3d at 538. Accordingly, these cursory allegations are insufficient to survive the Fed. R. Civ. P. 12(b)(6) standard. *See Dobrski*, 698 F. Supp. 2d at 991.

Because Matthews has failed to state a Section 301 claim against the Union, it is unnecessary to consider whether he has stated a claim against his employer. *See Dobrski*, 698 F. Supp. 2d at 990 (citing *Garrison*, 334 F.3d at 538). The Court will dismiss the Section 301 claim.

### c. Failure to Exhaust Administrative Remedies for Section 301 Claim

Assuming arguendo that Matthews had asserted a Section 301 claim, TDI also argues that the Court should dismiss the claim because he has failed to exhaust administrative remedies. (TDI's Mot. 6). As the Sixth Circuit has explained, "[a]n employee seeking relief pursuant to § 301 is required 'to exhaust any exclusive grievance and arbitration procedures established by [the collective bargaining] agreement before he may maintain a suit against his union or employer . . . .'" *Knighten v. Gen. Motors Corp.*, No. 07-2559, 2009 WL 332821, at *4 (6th Cir. Feb. 12, 2009) (second alteration in original) (quoting *Clayton v. Auto. Workers*, 451 U.S. 679, 681 (1981)). Neither the Complaints nor Matthews' responses to the pending motions address his failure to exhaust this claim. Consequently, the Court lacks subject matter jurisdiction over the Section 301 claim and will dismiss this claim due to Matthews' failure to exhaust administrative remedies.

### 2. *Federal Motor Carrier Safety Regulations*

Defendants assert that the Court should grant judgment in their favor on Matthews' Federal Motor Carrier Safety ("FMCS") regulation claims because he has failed to state a claim. (GE/PDC's Mot. 7-8; GE/PDC's Renewed Mot. 9-11). They also argue that Matthews failed to exhaust his administrative remedies. (GE/PDC's Mot. 9-10; GE/PDC's Renewed Mot. 11-12).

At the outset, the Court must determine whether the FMCS regulations create a private cause of action. Neither this Court nor the Sixth Circuit has addressed this issue. The

overwhelming majority of the courts confronted with this issue, however, have concluded that no private cause of action exists for personal injury claims under these regulations. *See, e.g., C&H Trucking v. New Orleans Trucking & Rental Depot, Inc.*, Nos. 15-5678 & 16-0511, 2016 WL 3854438, at *5 (E.D. La. July 15, 2016); *Drake v. Old Dominion Freight Line, Inc.*, No. 15-1307-EFM/KGG, 2016 WL 1328941, at *4 (D. Kan. Apr. 5, 2016); *Oliver v. Soto*, No. CIV-15-1106-R, 2016 WL 815343, at *2 (W.D. Oka. Feb. 29, 2016); *Leon v. FedEx Ground Package Sys., Inc.*, No. CIV 13-1005 JB/SCY, 2016 WL 836980, at *10-13 (D.N.M. Feb. 16, 2016); *Courtney v. Ivanov*, 41 F. Supp. 3d 453, 457 (W.D. Pa. 2014); *Ware v. Transport Drivers, Inc.*, 30 F. Supp. 3d 273, 276 (D. Del. 2014); *Lipscomb v. Zurich Am. Ins. Co.*, No. 11-2555, 2012 WL 1902595, at *2-3 (E.D. La. May 25, 2002). As one court has stated in discussing the legislative history of a provision of the Motor Carrier Act upon which the FMCS regulations are based:

> [T]he legislative history and underlying policy of the statute supports an interpretation that the two subsections contemplate two different remedies. . . .
>
>> Section 14704 was enacted by Congress as part of the ICC Termination Act of 1995 ("ICC Act"). With the enactment of the ICC Act, Congress disposed of the Interstate Commerce Commission and transferred its responsibilities to the Department of Transportation ("DOT"). Congress, however, did not transfer all of the responsibilities of the ICC to DOT. A section of the ICC Act allows commercial disputes, which had been administratively adjudicated by the ICC, to be brought in federal court. Specifically, the ICC Act was intended to "permit . . . private, commercial disputes to be resolved the way that all other commercial disputes are resolved—by the parties." Section 14704, in particular, was intended to "provide for private enforcement of the provisions of the Motor Carrier Act in court." . . . [Thus, §] 14704 does not give this court jurisdiction over negligence claims, which are traditionally within the purview of state jurisdiction.
>
> Thus, the disputes covered by § 14704(a)(2), as contemplated by Congress, do not include personal injury actions. Therefore, a careful review of the legislative

history demonstrates that Congress did not intend for § 14704(a)(2) to create a private cause of action for personal injuries.

*Courtney*, 41 F. Supp. 3d at 459 (alteration in original) (internal citations omitted).  In light of this legislative history and consistent with the conclusion of the overwhelming majority of other courts that have considered this issue, this Court holds that FMCS regulations do not provide a private cause of action.  Thus, Matthews has failed to state a claim.

### 3. *Retaliation under Surface Transportation Assistance Act*

TDI also seeks judgment in its favor for Matthews' retaliation claim under the Section 405 of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105. (TDI's Mot. 7-8; TDI's Renewed Mot. 8-9).  In relevant part, the STAA "prohibits the discharge of an employee because he refuses to operate a vehicle in violation of 'a regulation, standard or order of the United States related to commercial motor vehicle safety or health.'"  *Jones v. Metal Mgmt. Nashville, LLC*, No. 1:08-CV-102-R, 2009 WL 197427, at *2 (W.D. Ky. Jan. 26, 2009) (quoting 49 U.S.C. § 31105(a)(1)(B)(i)).

The STAA expressly provides an administrative remedy for violations, which this Court has described as follows:

> Under the [STAA] . . . , an employee who believes he was wrongfully discharged in violation of a regulation can file a complaint with the Secretary of Labor within 180 days of the violation.  49 U.S.C. § 31105(b).  Following a hearing on the merits, the Secretary of Labor may award the employee relief, including punitive damages.

*Id.* at *4 (citing 49 U.S.C. § 31105(b)(3)(A)-(C)).  As one court has noted,

> Congress expressly granted initial jurisdiction to the Secretary of Labor, instead of to district courts.  49 U.S.C. § 31105(b).  Congress granted district courts subject-matter jurisdiction in 49 U.S.C. § 31105 only in cases in which the Secretary of Labor fails to issue a final decision within 210 days after the filing of the complaint with the Secretary of Labor . . . ."

*Rose v. Anderson Hay & Grain Co.*, No. CV-10-055-RMP, 2010 WL 3211948, at *1 (E.D. Wash. Aug. 6, 2010) (citing 49 U.S.C. § 31105(c)).

In this case, there is no allegation that Matthews has availed himself of the administrative remedies under STAA, and the failure to exhaust his administrative remedies precludes the Court from hearing the claim.[3]  In addition, more than 180 days have passed since Matthews' termination, which precludes him from pursuing the administrative remedies provided for in STAA.  The Court will dismiss Matthews' STAA claim.

### B. Defendant's Motion to Strike

GE and PDC have also moved to strike the Third Amended Complaint because Matthews failed to seek leave under Fed. R. Civ. P. 15(a) and because of futility.  (GE/PDC's Renewed Mot. 12-15).  TDI also argues that Matthews should not be permitted to file the Third Amended Complaint due to futility, and the Union maintains that the Third Amended Complaint should be dismissed due to his failure to seek leave.[4]  (TDI's Renewed Mot. 9 n.3; Union's Mot. 6-7).

---

[3] TDI also argues that the STAA does not provide a private cause of action.  (TDI's Mot. 8-9). Courts have held that STAA does not create a private cause of action outside of the administrative remedy provided by 49 U.S.C. § 31105.  *See, e.g.*, *Bailiff v. Davenport Transp., Inc.*, No. 3:13-CV-308-GCM, 2013 WL 6229150, at *3 (W.D.N.C. Dec. 2, 2013) ("[T]here is no separate private right of action outside the scheme set forth in the STAA."  (citation omitted); *Hernandez v. Mohawk Indus., Inc.*, No. 6:08-cv-927-Orl-28GJK, 2009 WL 3790369, at *5 (M.D. Fla. Nov. 10, 2009) ("On its face, then, this statute, though barring discharge of employees on the basis of complaints of violations of commercial motor vehicle safety regulations, does not authorize a direct civil action in a district court by a discharged employee against his employer."); *Kornischuk v. Con-Way Cent. Express*, No. Civ. 1-03-CV-10013, 2013 WL 21977202, at *3 (S.D. Iowa June 4, 2003) ("[T]he STAA does not provide for a private right of action.").  Thus, Matthews cannot state a private cause of action under the STAA against Defendants.

[4] The KCRA claims cannot be asserted against the Union because there are no allegations that it was his employer.  (Compl. 3).

10

1.   *Futility*

Before addressing the issue of Matthews' failure to seek leave, the Court must first consider the issue of futility. As the Sixth Circuit has noted, "[t]his Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980)).

In particular, GE and PDC erroneously argue that the amendment should not be permitted because Matthews has failed to state a prima facie claim of discrimination. (GE/PDC's Renewed Mot. 12-15). Defendants' argument, however, is not well founded. As the Supreme Court has explained, "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see also id.* at 511 ("In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." (citation omitted)). "Moreover, the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic.'" *Id.* at 512 (citing *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

Instead, the Court must determine whether Matthews has pleaded facts that give Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court must also ascertain whether Matthews has articulated sufficient facts to state a facially

11

plausible claim. *See Twombly*, 550 U.S. at 570. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted). The Supreme Court has further stated:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679. In addition, as a sister court has noted:

> Courts liberally construe the pleadings of *pro se* claimants and hold their complaints to a less stringent standard than similar pleadings drafted by attorneys. As the Court has previously warned *Taylor*, "this lower standard does not, however, mean that a *pro se* plaintiff is entitled to bring every case to trial." Even *pro se* plaintiffs must allege sufficient facts to state a plausible claim in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*Taylor v. JPMorgan Chase Bank, N.A.*, No. 13-24-GFVT, 2014 WL 66513, at *3 (E.D. Ky. Jan. 8, 2014) (internal citations omitted) (citations omitted).

In this case, the Court must not consider the Third Amended Complaint in a vacuum. Rather, the Court must consider its allegations along with the prior versions of the Complaint to determine whether Matthews has sufficiently alleged a cause of action under the KCRA.

The substance of the allegations in the Third Amended Complaint is as follows:

> [1.]   I, DeMario V. Matthews state that I am an American of African descent and have at all times hold myself out and been recognized and perceived as such by myself and society in general and am over the age of fifty years and of male gender.
> 2.   I again specifically state I was dismissed and/or laid off by TDI employees, and PDC and GE employees on/or about Dec. 28, 2015 because of my race, age, and sex in violation of the Kentuck [sic] Civil Rights Act . . . and/or other reason [sic] outlined herein.

12

(3d Am. Compl. 2). Viewing Matthews' allegations in the proper light, the Court concludes that he has given fair notice of his KCRA claims and sufficiently alleged those claims against GE, PDC, and TDI relating to his termination or layoff. Accordingly, those claims are not futile.

### 2. *Leave to Amend*

Under Fed. R. Civ. P. 15, "[t]he court should freely give leave [to allow parties to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This case is in its infancy. No discovery has been conducted, and there is no scheduling order in place. In light of Matthews' *pro se* status, the Court will construe DN 24 as a motion for leave to file under Fed. R. Civ. P. 15(a) and will grant the motion.

### 3. *Supplemental Jurisdiction/Remand*

In light of this Court's ruling that judgment should be entered on all pleadings except from the claims under the KCRA and the Court granting leave to amend, the Court must determine whether to exercise supplemental jurisdiction over Matthews' state law claims in the Third Amended Complaint. As this Court has explained:

> "In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to the parties, fairness and comity to state courts." A court should retain jurisdiction over residual state law claims "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues."

*Flinnon v. Ralcorp Frozen Bakery Prods., Inc.*, No. 3:11-CV-515-H, 2011 WL 50080333, at *2 (W.D. Ky. Oct. 20, 2011) (internal citations omitted) (citations omitted).

In the present case, the Court has dismissed all of Matthews' federal claims against the remaining Defendants. No discovery has taken place, and as a result, "[t]he parties and the Court have not expended resources so extensive that would make a remand unfair or inefficient." *Id.* (citing *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 585 (6th Cir. 2011)). It

13

does not appear that there would be any substantial inconvenience to the parties due to remand. Accordingly, in the interest of comity to state courts, the Court declines to exercise supplemental jurisdiction over Matthews' KCRA claims and will remand this matter to Jefferson Circuit Court. *See id.* (declining to exercise supplemental jurisdiction and remanding the remaining KCRA claims to state court).

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motions for Judgment on the Pleadings (DN 15, 22, 29) are **GRANTED**, and Defendants' Motion for Judgment on the Pleadings and Motion to Strike (DN 27) and Defendant's Renewed Motion for Judgment on the Pleadings (DN 28) are **GRANTED IN PART** and **DENIED IN PART**. All of Plaintiff's federal claims against Defendants are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Supplemental More Definite Statement (DN 24) shall be construed as a motion for leave to file an amended complaint under Fed. R. Civ. P. 15(a), and the motion is **GRANTED**.

3. The Court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims against Defendants General Electric Company, Product Distribution Company, and Transport Drivers, Inc. under 28 U.S.C. § 1367, and this case is **REMANDED** to Jefferson Circuit Court. The Clerk shall strike this case from the Court's active docket.

March 10, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: counsel of record
    Plaintiff, *pro se*
    Jefferson Circuit Court Clerk (Civil Action No. 16-CI-02149)